UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-02063-CAS(SSx) | Date | June 11, 2014 |
|---|---|---|---|
| Title | DREAMSTONE ENTERTAINMENT LTD. ET AL. V. MAYSALWARD INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers:) MOTION TO DISMISS (Dkt. #10, filed April 28, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of June 16, 2014, is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION

Plaintiffs Dreamstone Entertainment Ltd. ("Dreamstone") and Tigris Entertainment LLC ("Tigris") filed this action on March 18, 2014, against defendants Nour Khrais ("Khrais"), Maysalward Inc. ("Maysalward"), and Does 1 through 10. Dkt. #1. The complaint asserts claims for: (1) breach of contract; (2) fraud; (3) breach of fiduciary duty; (4) intentional interference with prospective economic relations; (5) negligent interference with prospective economic relations; (6) money had and received; (7) trademark infringement; (8) copyright infringement; (9) trade secret misappropriation; (10) conversion; (11) unfair competition; (12) accounting; and (13) piercing the corporate veil. Id.

On April 28, 2014, defendants filed a motion to dismiss the complaint's second, third, and thirteenth claims for relief. Dkt. #10. Plaintiffs filed an opposition on May 23, 2014, dkt. #13, and defendants replied on June 2, 2014, dkt. #15. After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-02063-CAS(SSx) | Date | June 11, 2014 |
|---|---|---|---|
| Title | DREAMSTONE ENTERTAINMENT LTD. ET AL. V. MAYSALWARD INC. ET AL. | | |

## II. BACKGROUND

The complaint alleges that plaintiff Dreamstone is a United Kingdom limited company, with its principal place of business in Middlesex, in the United Kingdom. Compl. ¶ 1. The complaint further alleges that plaintiff Tigris is a California limited liability company, with its principal place of business in Santa Monica, California. Id. ¶ 2. Plaintiffs aver that defendant Maysalward is a Delaware corporation with its principal place of business in Amman, Jordan, and that defendant Khrais is an individual who resides in Jordan. Id. ¶¶ 3-4. According to plaintiffs, Khrais acted as the "primary negotiator and figurehead for Maysalward." Id. ¶ 21.

Plaintiffs aver that an individual named Lewis Alsamari is the owner of Tigris. Id. ¶ 11. Plaintiffs further aver that, in April 2013, Alsamari began developing a video game entitled "GHUL: 1001 Arabian Nights" (the "Game"). Id. ¶ 10. Plaintiffs allege that, in that same month, they entered into negotiations with Khrais, who was acting on behalf of Maysalward, to establish the terms of a collaboration in the development of the Game. Id. ¶ 15. According to plaintiffs, these negotiations culminated in the execution of a non-disclosure agreement and a "Commission, Development, and Assignment Agreement" between Tigris and Maysalward.[1] Id. ¶ 17. Plaintiffs allege that the Commission, Development, and Assignment Agreement ("CDA Agreement") obligated Maysalward to design and develop the Game, in exchange for a share of the profits generated from the Game's publication. Id. ¶ 17, 22. This agreement also allegedly obligated Maysalward to assign all intellectual property associated with the Game to Tigris. Id. ¶ 17. Finally, the CDA Agreement also allegedly required Maysalward to provide Dreamstone with access to revenue reports. Id. ¶ 23. Plaintiffs further allege that, after the execution of these agreements, Alsamari formed Dreamstone. Id. ¶ 18. The intended purpose of Dreamstone was that it would own all of the intellectual property associated with the Game. Id.

---

[1] At another point in the Complaint, plaintiffs allege that Maysalward never executed the non-disclosure agreement. Compl. ¶ 20. The Court need not resolve or address this apparent contradiction in ruling on the present motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-02063-CAS(SSx) | Date | June 11, 2014 |
| Title | DREAMSTONE ENTERTAINMENT LTD. ET AL. V. MAYSALWARD INC. ET AL. | | |

Plaintiffs contend that Khrais provided numerous assurances to Alsamari via email, spanning from April to August 2013, that conveyed the impression that defendants intended to continue working with plaintiffs to develop the Game. Id. ¶ 27. Plaintiffs further allege that, between October 2013 and February 2014, Khrais "continually fabricated" reasons for failing to deliver to plaintiffs their share of the profits from the Game, failing to provide access to revenue reports, and failing to deliver a finished copy of the Game. Id. ¶ 31.

Plaintiffs allege that, in spite of these assurances, defendants have not met their obligations under the CDA Agreement. Id. ¶ 26. In this regard, plaintiffs allege that defendants have not delivered any profits to plaintiffs, have not assigned the intellectual property associated with the Game to Dreamstone, have not provided revenue reports, and have not delivered a finished copy of the Game to plaintiffs. Id. Plaintiffs contend that they have suffered significant harm as a result of defendants' actions. Id. ¶ 39.

## III. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-02063-CAS(SSx) | Date | June 11, 2014 |
|---|---|---|---|
| Title | DREAMSTONE ENTERTAINMENT LTD. ET AL. V. MAYSALWARD INC. ET AL. | | |

While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-02063-CAS(SSx) | Date | June 11, 2014 |
| Title | DREAMSTONE ENTERTAINMENT LTD. ET AL. V. MAYSALWARD INC. ET AL. | | |

### B. Fed. R. Civ. P. 9(b)

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify . . . 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)). Additionally, while some cases hold that a plaintiff must identify the "who, what, when, where, and how" of the alleged fraud, these cases do not articulate a rigid checklist. See U.S. ex rel. Grubbs v. Kanneganti, 565 F.3d 180, 190 (5th Cir. 2009) ("[T]he 'time, place, contents, and identity' standard is not a straitjacket for Rule 9(b)."). "Rather, the rule is context specific and flexible . . . ." Id.

### IV. DISCUSSION

#### A. Plaintiffs' Fraud Claim

A claim for fraud consists of: (1) a misrepresentation, (2) made with knowledge of its falsity; (3) with an intent to induce reliance; combined with (4) justifiable reliance;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-02063-CAS(SSx) | Date | June 11, 2014 |
| Title | DREAMSTONE ENTERTAINMENT LTD. ET AL. V. MAYSALWARD INC. ET AL. | | |

and (5) resulting damage. 5 Witkin, Summ. Cal. Law, Torts § 772 (10th ed. 2005); see also Terra Ins. Co. v. N.Y. Life Inv. Mgmt. LLC, 717 F. Supp. 2d 883, 890 (N.D. Cal. 2010). These claims are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that "[a]verments of fraud . . . be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003).

In support of this claim, plaintiffs allege that defendants knowingly misrepresented that they would provide Dreamstone with a share of the profits arising from the development of the Game, assign all intellectual property associated with the Game to Dreamstone, and deliver a finished copy of the Game to Dreamstone. Compl. ¶¶ 49-59. Plaintiffs allege that these misrepresentations induced them to provide defendants with their overall concept for the Game as well as other trade secrets, and also induced them to allow defendants "exclusive access" to the revenue derived from the Game. Id. ¶ 52.

Defendants argue that this claim fails because it is not pled with the particularity required by Federal Rule of Civil Procedure 9(b). The Court disagrees. As discussed above, a pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling, 476 F.2d at 397. Because the allegations summarized above identify the substance of the misrepresentations that form the basis for plaintiff's fraud claim, the Court concludes that the claim is pled with sufficient particularity. Additionally, "Rule 9(b) may be relaxed with respect to matters within the [defendants'] knowledge." Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993). Here, defendants are well positioned to investigate the truth or falsity of plaintiffs' allegations based on their records and recollections of correspondence and other interactions with plaintiffs. Accordingly, the Court finds that the complaint's fraud claim is pled with sufficient particularity to satisfy the requirements of Rule 9(b).

### B.    Plaintiff's Claim for Breach of Fiduciary Duty

In order to plead a claim for breach of fiduciary duty, the claimant must allege (1) the existence of a fiduciary relationship giving rise to a fiduciary duty, (2) breach of that duty, and (3) damage proximately caused by the breach. Pierce v. Lyman, 1 Cal. App.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-02063-CAS(SSx) | Date | June 11, 2014 |
|---|---|---|---|
| Title | DREAMSTONE ENTERTAINMENT LTD. ET AL. V. MAYSALWARD INC. ET AL. | | |

4th 1093, 1101 (1991). Whether a fiduciary relationship exists in any given situation is a question of fact. Michelson v. Hamada, 29 Cal. App. 4th 1566, 1575-1576 (1994).

Here, plaintiffs allege that defendants owed them a fiduciary duty by virtue of the "joint venture established by the [CDA Agreement]." Compl. ¶ 61. Plaintiffs further allege that defendants breached that duty by engaging in a "calculated attempt to circumvent and defeat the terms of the [CDA Agreement]." Id. ¶ 62.

Defendants argue that this claim fails because the complaint alleges only a series of arms-length business transactions, which do not give rise to a fiduciary relationship. Plaintiffs respond that the complaint adequately alleges the existence of a joint venture, which gives rise to a fiduciary duty. The Court agrees. "The existence of a joint venture gives rise to a fiduciary or confidential relationship." Celador Intern. Ltd. v. Walt Disney Co., 347 F. Supp. 2d 846, 853 (C.D. Cal. 2004). A joint venture is "an undertaking by two or more persons jointly to carry out a single business enterprise for profit." April Enters., Inc. v. KTTV, 147 Cal. App. 3d 805, 819 (1983). Taking the allegations in the complaint as true, the Court finds that plaintiffs have adequately alleged the existence of a joint venture based on the parties' agreement to develop the Game and share the resulting profits. See, e.g., id. (finding that complaint alleged facts demonstrating creation of joint venture based on common enterprise to seek syndication of a television show). Moreover, since the existence of a fiduciary relationship is ultimately a question of fact, the existence of such a relationship is better determined on a motion for summary judgment or at trial.

### C. Plaintiff's Allegations of Alter Ego Liability

Plaintiffs' complaint contains a distinct claim for relief entitled "Piercing the Corporate Veil." Compl. ¶¶ 139-46. In this portion of the complaint, plaintiffs allege that Maysalward is the alter ego of Khrais, and that Maysalward and Khrais should therefore be treated as the same entity for the purposes of apportioning liability. Id.

Defendants do not object to the inclusion of these allegations in the complaint. Rather, defendants contend that California law does not recognize "piercing the corporate veil" as a separate claim for relief. The Court agrees that "piercing the corporate veil" is not an independent claim for relief, Cambridge Electronics Corp. v. MGA Electronics,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-02063-CAS(SSx) | Date | June 11, 2014 |
| Title | DREAMSTONE ENTERTAINMENT LTD. ET AL. V. MAYSALWARD INC. ET AL. | | |

Inc., 227 F.R.D. 313, 320 n.24 (C.D. Cal. 2004).  However, it does not appear that defendants will be prejudiced if this action proceeds with the complaint's allegations of alter ego liability styled as a separate claim.  Moreover, any such prejudice would be outweighed by the prejudice to plaintiffs that will result if this action is delayed so that plaintiffs can amend their complaint to address this deficiency.

## V.    CONCLUSION

In accordance with the foregoing, defendants' motion to dismiss is DENIED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |