UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-02063-CAS(SSx) | Date | August 18, 2014 |
|---|---|---|---|
| Title | DREAMSTONE ENTERTAINMENT LTD., ET AL. V. MAYSALWARD INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | | |
| Nathaniel Kelly | David Nemecek, Jr. | | |

**Proceedings:**   MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS (Dkt. #19, filed July 17, 2014)

## I.   INTRODUCTION

Plaintiffs Dreamstone Entertainment Ltd. ("Dreamstone") and Tigris Entertainment LLC ("Tigris") filed this action on March 18, 2014, against defendants Nour Khrais ("Khrais"), Maysalward Inc. ("Maysalward"), and Does 1 through 10.[1]  Dkt. #1.  The

---

[1] In their counterclaims and opposition, defendants and counterclaimants argue that Tigris has no standing to prosecute or defend itself in this action because Tigris's status as a limited liability company has been canceled.  See Countercl. ¶ 4; Opp'n at 8.  Defendants and counterclaimants request–and this Court takes–judicial notice that the status is listed as "canceled" on the California Secretary of State's Website.  See Opp'n Ex. A.  Defendants and counterclaimants argue that, as a result, the Court should deny Tigris's motion in its entirety.

For a corporate entity, the capacity to sue and be sued is determined by the law of the state under which the entity is organized.  Fed. R. Civ. P. 17(b).  At least under certain circumstances, the cancellation of a California limited liability company immediately terminates the entity's "powers, rights, and privileges," including the capacity to sue and be sued.  See, e.g., Cal. Corp. Code § 17707.02(c); id. § 17707.08(c).  Although Federal Rule of Civil Procedure 17 applies by its terms only to the capacity to "sue or be sued," at least one district court has construed the provision to also apply to an entity's capacity to defend against claims in a lawsuit predating its cancellation.  See Fox Hollow of Turlock Owner's Ass'n v. Sinclair, No. 1:03-CV-5439 AWI SAB, 2013 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-02063-CAS(SSx) | Date | August 18, 2014 |
| Title | DREAMSTONE ENTERTAINMENT LTD., ET AL. V. MAYSALWARD INC., ET AL. | | |

dispute arisesfrom an agreement between the parties to develop and distribute a video game for mobile devices. Id. The complaint asserts claims for: (1) breach of contract; (2) fraud; (3) breach of fiduciary duty; (4) intentional interference with prospective economic relations; (5) negligent interference with prospective economic relations; (6) money had and received; (7) trademark infringement; (8) copyright infringement; (9) trade secret misappropriation; (10) conversion; (11) unfair competition; (12) accounting; and (13) piercing the corporate veil. Id.

     On June 25, 2014, the defendants (hereinafter "defendants and counterclaimants") filed an answer and asserted counterclaims for (1) fraud; (2) libel per se; and (3) breach of contract. Dkt. #17. Defendants and counterclaimants also named as third-party defendants Lewis Sarmed Alsamari ("Alsamari") as to all three counterclaims, and The Siegel Law Group PLLC ("SLG") and Jack Siegel ("Siegel") as to the libel per se counterclaim. Id. Plaintiffs (hereinafter "plaintiffs and counterdefendants") filed a motion to dismiss all counterclaims on July 27, 2014. Dkt. #19. Defendants and counterclaimants filed an opposition on August 4, 2014, dkt. #21, and plaintiffs and

---

1628260, at *2-4 (E.D. Cal. April 15, 2013). That same district court dismissed all claims by and against the canceled company. See id. at *4. The Court requested explanation from plaintiff and counterdefendants' counsel at the hearing and, in light of continued uncertainty about the circumstances of the cancellation, has stayed all claims and counterclaims as to Tigris for 60 days.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-02063-CAS(SSx) | Date | August 18, 2014 |
|---|---|---|---|
| Title | DREAMSTONE ENTERTAINMENT LTD., ET AL. V. MAYSALWARD INC., ET AL. | | |

counterdefendants replied on August 5, 2014, dkt. #22.² After considering the parties' arguments, the Court finds and concludes as follows.

## II.  BACKGROUND

The complaint alleges that Maysalward breached a contract and committed various torts by withholding accounting information, profits, and intellectual property relating to a mobile video game called "GHUL: 1001 Arabian Nights" (the "Game").  Compl. ¶¶ 10, 26.  Tigris and Dreamstone entered into essentially identical contracts with Maysalward on May 3, 2013 and August 15, 2013, respectively, under which Maysalward was to develop and distribute the Game.  Countercl. Exs. A, B; see Compl. ¶¶ 17, 20.  The complaint further alleges that Khrais is personally liable in contract and tort because Maysalward "was the mere alter ego" of Khrais.  Compl. ¶¶ 140-46.

Defendants and counterclaimants allege that Alsamari induced them to develop the Game through false representations.  Countercl. ¶ 38.  Specifically, defendants and counterclaimants aver that Alsamari "represented to Khrais in April 2013" that a film based on the same concept as the proposed game "was in preproduction and that the shooting . . . was scheduled to begin in September 2013."  Id. ¶ 12.  Defendants and counterclaimants further allege that Alsamari (1) "assured Khrais that the GHUL film

---

²In their reply, plaintiffs and counterdefendants argue that their motion to dismiss should be granted because defendants and counterclaimants missed the deadline to file their opposition.  Plaintiffs and counterdefendants point out that, under Local Rule 7-9, opposition papers must be filed no later than twenty-one days before the date designated for the hearing of the motion. Plaintiffs and counterdefendants also note that Local Rule 7-12 permits the Court to "decline to consider any memorandum or other document not filed" within the applicable deadline.

This motion was noticed for hearing on August 18, 2014.  Thus, the deadline for filing defendants and counterclaimants' opposition was July 28, 2014.  Defendants and counterclaimants filed their opposition on August 4, 2014.  Dkt. #21.  The Court declines to grant this motion or to refuse to consider defendants and counterclaimants' opposition because of this delay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-02063-CAS(SSx) | Date | August 18, 2014 |
| Title | DREAMSTONE ENTERTAINMENT LTD., ET AL. V. MAYSALWARD INC., ET AL. | | |

would be a 'big production' with well-known actors," (2) represented in an April 22, 2013 e-mail that the parties could "use the film to leverage the game and vice versa," and (3) stated in an April 23, 2013 e-mail that Tigris could not pay Maysalward to develop the Game because "all of [Tigris's] resources are going into making the movie." Id.

Defendants and counterclaimants contend that these representations were false and made with the intent to induce them to "design and develop [the Game] and . . . waive the initial fee" that they usually charge for mobile game development. Id. ¶¶ 35-36. They aver that no filming had begun by the time of filing in March 2013, and that Alsamari "has stated in interviews that production . . . is not slated to begin until at least 2015." Id. ¶ 22. Defendants and counterclaimants allege that they would not have agreed to develop the Game had they known of the alleged falsity of these representations. Id. ¶ 38.

Defendants and counterclaimants also allege a claim against plaintiffs and counterdefendants, SLG, and Siegel based on an allegedly defamatory press release issued on March 25, 2014 and posted on SLG's website. Id. ¶ 30. The press release describes the lawsuit and includes a link to the filed complaint. See id. Ex. C. Defendants and counterclaimants base their defamation claim on a sentence that quotes Siegel as follows: "Maysalward and Nour Khrais have maliciously absconded with my clients' valuable intellectual property and hard earned money." Id. ¶ 30. Siegel's quotation concluded, "We will fight tooth and nail to ensure the [G]ame is restored on gaming platforms and [d]efendants pay every dime needed to rectify the damage done to my clients' reputations and the GHUL franchise." Id. Ex. C.

Finally, defendants and counterclaimants allege that plaintiffs and counterdefendants breached contracts entered into by the parties on May 3 and August 15, 2013, by filing a lawsuit and "refusing to participate in at least four hours of mediation" despite a clause requiring mediation of any dispute between the parties and a demand by defendants and counterclaimants that plaintiffs and counterdefendants mediate. Id. ¶¶ 14-15, 48-49.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-02063-CAS(SSx) | Date | August 18, 2014 |
| Title | DREAMSTONE ENTERTAINMENT LTD., ET AL. V. MAYSALWARD INC., ET AL. | | |

### III.   LEGAL STANDARD

   A.   Fed. R. Civ. P. 12(b)(6)

   A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint or counterclaim. "While a [pleading] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a [claimant's] obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

   In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the pleading, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The pleading must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a [pleading], they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a [pleading] to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a [pleading] states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

   Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the counterclaim (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-02063-CAS(SSx) | Date | August 18, 2014 |
| Title | DREAMSTONE ENTERTAINMENT LTD., ET AL. V. MAYSALWARD INC., ET AL. | | |

other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the counterclaim and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B.    Fed. R. Civ. P. 9(b)

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim or counterclaim for fraud be pled with particularity. A pleading is sufficient under Rule 9(b) if it "[identifies] the circumstances constituting fraud so that the [counter-defendant] can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Additionally, while some cases hold that a plaintiff must identify the "who, what, when, where, and how" of the alleged fraud, these cases do not articulate a rigid checklist. See U.S. ex rel. Grubbs v. Kanneganti, 565 F.3d 180, 190 (5th Cir. 2009) ("[T]he 'time, place, contents, and identity' standard is not a straitjacket for Rule 9(b)."). "Rather, the rule is context specific and flexible . . . ." Id.

## IV.    DISCUSSION

Plaintiffs and counterdefendants have moved to dismiss each counterclaim. Each of these counterclaims is addressed in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-02063-CAS(SSx) | Date | August 18, 2014 |
| Title | DREAMSTONE ENTERTAINMENT LTD., ET AL. V. MAYSALWARD INC., ET AL. | | |

### A. The Fraud Counterclaim

To establish a claim for fraud, the claimant must allege facts demonstrating "(1) misrepresentation of a material fact (consisting of false representation, concealment or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to deceive and induce reliance; (4) justifiable reliance on the misrepresentation; and (5) resulting damages." Bower v. AT&T Mobility, LLC, 196 Cal. App. 4th 1545, 1557 (2011) (internal quotation marks and citation omitted).

In support of this claim, defendants and counterclaimants allege that plaintiffs and counterdefendants misrepresented that a GHUL film was "in preproduction" with filming "scheduled to begin in September 2013." Countercl. ¶ 35. Defendants and counterclaimants contend that these misrepresentations induced Maysalward to develop the Game at significant cost and without charging fees it otherwise would have charged. Id. ¶¶ 36-38.

Plaintiffs and counterdefendants first argue that this claim fails because it is not pled with the particularity required by Federal Rule of Civil Procedure 9(b). In particular, they contend that the allegations do not provide enough detail as to the representation that filming was "scheduled to begin" in September 2013, or as to the media through which some of the alleged misrepresentations were communicated. The Court disagrees.

As discussed above, a pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling, 476 F.2d at 397. Taken as true and viewed in the light most favorable to defendants and counterclaimants, the allegations summarized above identify the substance of the misrepresentations and provide enough detail for plaintiffs and counterdefendants to prepare an adequate answer–including who made each representation, the approximate or exact date of each representation, and the alleged purpose of the misrepresentations. To dismiss the counterclaim because defendants and counterclaimants did not plead a precise first day of filming, or the exact medium of each and every alleged misrepresentation, would be to construe Rule 9(b)'s pleading requirement as a "straitjacket." See Kanneganti, 565 F.3d at 190.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                'O'

| Case No. | 2:14-cv-02063-CAS(SSx) | Date | August 18, 2014 |
|---|---|---|---|
| Title | DREAMSTONE ENTERTAINMENT LTD., ET AL. V. MAYSALWARD INC., ET AL. | | |

Additionally, "Rule 9(b) may be relaxed with respect to matters within the [counterdefendants'] knowledge." Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993). Here, plaintiffs and counterdefendants are well positioned to investigate the truth or falsity of the allegations based on their records and recollections of correspondence and other interactions with counterclaimants.

Plaintiffs and counterdefendants also argue that the claim should be dismissed because the allegations concern nonactionable predictions of future events. They point out that Alsamari is alleged to have represented that filming "was scheduled to begin" in September 2013 and that the film "would be" a big production starring well-known actors. Therefore, they argue, there was no misrepresentation of a past or existing fact as required to state a fraud claim. The Court disagrees with this argument as well.

With regard to fraud claims, "predictions as to future events are ordinarily non-actionable expressions of opinion." In re Jogert, Inc., 950 F.2d 1498, 1507 (9th Cir. 1991) (citing Richard P. v. Vista Del Mar Child Care Serv., 165 Cal. Rptr. 370 (Cal. Ct. App. 1980)). This rule, however, is subject to several exceptions: for example, a prediction or opinion may be actionable "where it is expressed in a manner implying a factual basis which does not exist." Jolley v. Chase Home Fin., LLC, 153 Cal. Rptr. 546, 563(Cal. Ct. App. 2013). And "[w]hen one of the parties possesses, or assumes to possess, superior knowledge or special information regarding the subject matter of the representation, and the other party is so situated that he may reasonably rely upon such supposed superior knowledge or special information," a representation may be actionable even if would be regarded as "the expression of opinion if made by any other person." Id. (internal quotation marks omitted). In general, "[w]hether a statement is nonactionable opinion or actionable misrepresentation of fact is a question of fact for the jury." PhotoMedex, Inc. v. Irwin, 601 F.3d 919, 931 (9th Cir. 2010) (internal citations omitted).

Viewed in the light most favorable to defendants and counterclaimants, the alleged statements about the planned production of the motion picture are not predictions; rather, they are statements of fact as to what had occurred and would be occurring. Moreover, even if it could be said that the statements were predictions, a reasonable person having been told that a film was "scheduled to begin" filming with well-known actors in approximately five months, for example, could assume that presently existing facts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-02063-CAS(SSx) | Date | August 18, 2014 |
| Title | DREAMSTONE ENTERTAINMENT LTD., ET AL. V. MAYSALWARD INC., ET AL. | | |

supported the prediction. Moreover, Alsamari could reasonably have been presumed to have possessed superior knowledge or special information regarding the progress of the GHUL film plans. Accordingly, the Court finds that defendants and counterclaimants have adequately pled a fraud counterclaim.

### B. The Libel Per Se Counterclaim

Defamation "involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." Taus v. Loftus, 40 Cal. 4th 683, 720 (2007) (citation omitted). Libel is the written form of defamation, defined as "a false and unprivileged publication by writing. . . or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy. . . or which has a tendency to injure him in his occupation." Cal. Civ. Code § 45. Libel per se is a statement that is defamatory on its face. Id. § 45(a); Barnes-Hind, Inc. v. Super. Ct., 181 Cal. App. 3d 377, 381 (1986).

Whether an allegedly defamatory statement is a fact or opinion is ordinarily a question of law for the court. Campanelli v. Regents of the Univ. of Cal., 44 Cal. App. 4th 572, 577 (1996). However, if the allegedly defamatory statement "could have been understood by the average reader in either sense, the issue must be left to the jury's determination." Good Gov't Group, Inc. v. Super. Ct., 22 Cal. 3d 672, 682 (1978).

"To determine whether a statement implies an assertion of fact" or is instead nonactionable opinion, the "Ninth Circuit applies a three-factor test." Amaretto Ranch Breedables, LLC v. Ozimals, Inc., No. CV-10-5696 CRB, 2013 WL 3460707, at *3 (N.D. Cal. July 9, 2013). This test examines the "totality of the circumstances" in which the allegedly defamatory statement was made. Underwager v. Channel 9 Austl., 69 F.3d 361, 366 (9th Cir. 1995). First, courts "look at the statement in its broad context, which includes the general tenor of the entire work, the subject of the statements, the setting, and the format of the work." Id. Next, courts "turn to the specific context and content of the statements, analyzing the extent of figurative or hyperbolic language used and the reasonable expectations of the audience in the particular situation." Id. Finally, courts "inquire whether the statement itself is sufficiently factual to be susceptible of being proved true or false." Id. The Ninth Circuit has cautioned that courts drawing the line between fact and opinion must "consider all the words used, not merely a particular

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-02063-CAS(SSx) | Date | August 18, 2014 |
|---|---|---|---|
| Title | DREAMSTONE ENTERTAINMENT LTD., ET AL. V. MAYSALWARD INC., ET AL. | | |

phrase or sentence." Info. Control Corp. v. Genesis One Computer Corp., 611 F.2d 781, 784 (9th Cir. 1995). Courts must also "give weight to cautionary terms used" and consider "all of the circumstances surrounding the statement, including the medium by which the statement is disseminated and the audience to which it is published." Id.

Defendants and counterclaimants argue that the press release defamed them through Siegel's statement that "Maysalward and Nour Khrais have maliciously absconded with my clients' valuable intellectual property and hard earned money." Countercl. ¶ 30. Defendants and counterclaimants allege that this statement was made without basis in fact and was not privileged;[3] moreover, they argue that it constitutes libel per se "because Siegel falsely accused Maysalward and Khrais of committing a crime involving immorality." Id. ¶¶ 43-44; see 5 Witkin, Summ. Cal. Law Torts § 542 (10th ed. 2005) ("The charge of commission of some crime is obviously libel per se.").

Plaintiffs and counterdefendants argue that the statement is nonactionable opinion when read in the context of the press release as a whole. They also argue that defendants and counterclaimants fail to allege that Tigris, DreamStone, or Alsamari published the statement or caused it to be published. The Court agrees that the allegedly libelous statement is nonactionable opinion, and therefore need not decide the issue of vicarious liability.

---

[3]Although the defense was not raised by plaintiffs and counterdefendants, the Court agrees with defendants and counterclaimants that the statutory litigation privilege does not apply. See Cal. Civil Code § 47(b). As a general rule, this privilege does not shield "republications to nonparticipants in the action." Silberg v. Anderson, 50 Cal. 3d 205, 219 (1990). Although the privilege has been judicially expanded to "publication to nonparties with a substantial interest in the proceeding," California courts have refused to extend it to "publication to the general public through the press" because to do so would "swallow up the general rule." GetFugu, Inc. v. Patton Boggs LLP, 162 Cal. Rptr. 3d 831, 840 (Cal. Ct. App. 2013) (declining to apply the privilege to an attorney's press release concerning pending litigation).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-02063-CAS(SSx) | Date | August 18, 2014 |
| Title | DREAMSTONE ENTERTAINMENT LTD., ET AL. V. MAYSALWARD INC., ET AL. | | |

1. Broad Context

The first factor to be considered is "the broad context" of the statements, with particular attention paid to the "setting, subject, format, and tenor" of the publication. See Underwager, 69 F.3d at 366. Courts have noted that statements made by one party to a legal dispute are "less likely to be understood as a statement of fact rather than as a statement of opinion." Genesis One, 611 F.2d at 784. In such a setting, "the audience may anticipate efforts by the parties to persuade others to their positions by the use of epithets, fiery rhetoric or hyperbole" so that language that "generally might be considered as statements of fact may well assume the character of statements of opinion." Id. at 784 (internal quotation marks omitted).

For example, in Amaretto Ranch Breedables, the defendant created a blog entry regarding a copyright lawsuit against a rival seller of virtual animals in the online simulated world known as Second Life. 2013 WL 3460707, at *1. The blog entry claimed that the rival had infringed the defendant's copyrights and accused the rival of "unlawful decisions" that involved creating a "complete clone" of the defendant's copyrighted concept. Id. at *2. The entry also included a link to a previous communication between the defendant's attorney and the plaintiff, which included further explicit allegations of unlawful infringement. Id. Analyzing the statements' broad context, the court found that a reader of the blog entry "would realize that [the defendant] wrote it from its own perspective to paint itself in a better light, and would not understand it to be 'statements of fact rather than the predictable opinion of . . . one side about the other's motives.'" Id. at *4 (quoting Genetics One, 611 F.2d at 784).

Here, the press release was issued by the law firm representing plaintiffs and counterdefendants, and republished on the law firm's website. It is clear from the press release that the author is an interested party in contentious litigation, so that the audience would be unlikely to read the press release as a neutral statement of facts. Moreover, the complained-of language is clearly attributed to co-counsel for plaintiffs and counterdefendants. Overall, the broad context of the statement suggests that the average reader would expect the press release to relate a predictably one-sided account of the circumstances giving rise to the litigation, and favors plaintiffs and counterdefendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-02063-CAS(SSx) | Date | August 18, 2014 |
| Title | DREAMSTONE ENTERTAINMENT LTD., ET AL. V. MAYSALWARD INC., ET AL. | | |

        2.       Specific Context

       The second factor to be considered is the specific content, including "the extent of extent of figurative or hyperbolic language used and the reasonable expectations" of the readers. Underwager, 69 F.3d at 366. In this analysis, courts are not to focus myopically on particular phrases or sentences, and must give weight to cautionary terms. See Genesis One, 611 F.2d at 784. Statements are less likely to be defamatory where the publisher uses "colorful, figurative rhetoric that reasonable minds would not take to be factual." Id. At 367 (reasoning that statements including "Underwager must have trouble sleeping" were "well within" the scope of protected expression). Even where statements "when considered in isolation, appear to assert facts," they may "fail to amount to such assertions or imply defamatory facts" if a reasonable audience would not expect the statements to be factual. See Amaretto Ranch, 2013 WL 3460707, at *4 (finding statements like "[the defendant] infringed on the intellectual property of [the plaintiff]" not to be defamatory in the specific context of a blog entry detailing litigation); see also Franklin v. Dynamic Details, Inc., 10 Cal. Rptr. 3d 429, 431 (Cal. Ct. App. 2004) (holding to be opinion facts recited in e-mails for the purpose of drawing a conclusion that the plaintiff had violated copyright law).

       Here, although the particular passage cited by defendants and counterclaimants might appear to be factual in isolation, the press release as a whole makes clear that Spiegel was expressing his opinion. Through the use of cautionary language like "[t]he federal suit accuses" and "[t]he Complaint contends that," the press release signals that it contains allegations, not proven facts. Moreover, because the complained-of sentence is attributed to plaintiffs and counterdefendants' counsel, a reasonable mind would expect the statement to be one-sided and even hyperbolic. This expectation would likely be reinforced by the dramatic and figurative language used in the conclusion of Siegel's quotation, including a vow to "fight tooth and nail" on behalf of his clients. In a different context, "maliciously absconded" could well be read as a factual accusation that Maysalward had committed a serious crime. But in the context of this press release, it is unlikely that the average reader would interpret it in such a way. See Ferlauto v. Hamsher, 74 Cal. App. 4th 1394, 1401 (1999) (looking to the "natural and probable effect upon the mind of the average reader" rather than technical legal interpretations of language).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL         'O'

| Case No. | 2:14-cv-02063-CAS(SSx) | Date | August 18, 2014 |
|---|---|---|---|
| Title | DREAMSTONE ENTERTAINMENT LTD., ET AL. V. MAYSALWARD INC., ET AL. | | |

        3.        Provably True or False

      The final factor to be considered is whether the statement is "susceptible of being proved true or false." Underwager, 69 F.3d at 366. "[W]here the question of truth or falsity is a close one, a court should err on the side of nonactionability." Amaretto Ranch, 2013 WL 3460707, at *5 (quoting Parlington v. Bugliosi, 56 F.3d 1147, 1159 (9th Cir. 1994)).

      Read as an accusation of theft, Siegel's accusation that Maysalward "maliciously absconded" with his clients' property could eventually be proven true or false at trial. But Siegel's statement also speaks to his opinion of defendants and counterclaimants' subjective state of mind, which is less susceptible to being proven true or false. Further, the colorful rhetoric of Siegel's statement makes its truth or falsity more difficult to pin down. See Underwager, 69 F.3d at 367 (finding accusations to be nonactionable where some reflected "opinions of [the plaintiff's] motivations and personality" and an accusation of "lying" at trial could be interpreted as alleging something less serious than perjury). Overall, although this factor may be more favorable to defendants and counterclaimants than the first two factors, it does not shift the "totality of the circumstances" in their favor. See Amaretto Ranch, 2013 WL 346707, at *5 (dismissing a defamation claim where falsity could have been proven only after a lengthy lawsuit and the other factors pointed to nonactionable opinion). Therefore, the Court finds that the allegedly defamatory language is nonactionable opinion and that defendants and counterclaimants accordingly fail to state a claim for libel per se.

        C.        The Breach of Contract Counterclaim

      A claim for breach of contract "is comprised of the following elements: (1) the [existence of a] contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." Durell v. Sharp Healthcare, 108 Cal. Rptr. 3d 682, 697 (Cal. Ct. App. 2010).

      In support of this claim, defendants and counterclaimants point to paragraphs 11 of the agreements between Maysalward and both Tigris and Dreamstone. This paragraph provides that "in the event a dispute shall arise between the parties . . . the parties agree to participate in at least four hours of mediation in accordance with the mediation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-02063-CAS(SSx) | Date | August 18, 2014 |
|---|---|---|---|
| Title | DREAMSTONE ENTERTAINMENT LTD., ET AL. V. MAYSALWARD INC., ET AL. | | |

procedures of United States Arbitration and Mediation," with mediation costs to be shared equally. Countercl. Ex. B. Defendants and counterclaimants allege that plaintiffs and counterdefendants breached this portion of the contract by filing this lawsuit and refusing to mediate for at least four hours "despite a demand by Maysalward that they do so." Id. ¶ 49.

Plaintiffs and counterdefendants argue that this claim fails because it does not specify the parties' obligations "with sufficient specificity for judicial enforcement." They claim that, absent an explicit statement that mediation was a condition precedent for filing suit or procedures or time parameters for mandatory mediation, they were not required to mediate before filing suit or at defendants and counterclaimants' request. Defendants and counterclaimants respond that despite the lack of a time frame for mediation, plaintiffs and counterdefendants have breached the contract because mediation was "capable of being done instantly" or, in the alternative, by failing to mediate within a reasonable period of time.

After reviewing the parties' papers, the contracts in question, and the procedures of United States Arbitration and Mediation, the Court finds that mediation was not a condition precedent for filing suit. Moreover, even if the contract were construed as requiring mediation before either party filed suit, the Court finds that the resulting breach would not be material and could not result in an award of damages. Accordingly, the Court finds that defendants and counterclaimants have failed to plead a breach of contract and resulting damages based on the alleged failure to mediate this dispute.

## V.   CONCLUSION

In accordance with the foregoing, plaintiffs and counterdefendants' motion to dismiss is hereby GRANTED IN PART and DENIED IN PART. Specifically, the motion is GRANTED as to the libel per se counterclaim and the breach of contract counterclaim and is otherwise DENIED. Defendants and counterclaimants shall have leave to file an amended counterclaim no later than **September 18, 2014**, that corrects the deficiencies identified in the claim dismissed herein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:14-cv-02063-CAS(SSx) | Date | August 18, 2014 |
| Title | DREAMSTONE ENTERTAINMENT LTD., ET AL. V. MAYSALWARD INC., ET AL. | | |

Additionally, as stated above, the Court has stayed all claims and counterclaims as to Tigris for 60 days.

IT IS SO ORDERED.

00 : 08

Initials of Preparer  CMJ